# IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| KRISTINA BRADIGAN<br>　　　　Plaintiff, | DOCKET NO.<br><br>**COMPLAINT** |
| VS. | |
| | FILED ON BEHALF OF: |
| FAYETTE COUNTY, PA<br>FAYETTE COUNTY JAIL<br>　　　　Defendant. | KRISTINA BRADIGAN<br><br>Plaintiff<br><br>COUNSEL OF RECORD:<br>MARC T. VALENTINE, ESQUIRE<br>PA ID NO. 313624<br><br>SNYDER VALENTINE PC<br>116 N. CENTER AVE.<br>SOMERSET, PA 15501<br>(814) 701-2835 |


EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| KRISTINA BRADIGAN | ) | |
|     Plaintiff, | ) | DOCKET NO. |
| | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| VS. | ) | |
| | ) | FILED ON BEHALF OF: |
| FAYETTE COUNTY, PA | ) | |
| FAYETTE COUNTY JAIL | ) | KRISTINA BRADIGAN |
|     Defendant. | ) | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
100 South Street
P.O. Box186
Harrisburg, PA 17108
(800) 692-7375

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| KRISTINA BRADIGAN | ) | |
|     Plaintiff, | ) | DOCKET NO. |
| | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| VS. | ) | |
| | ) | FILED ON BEHALF OF: |
| FAYETTE COUNTY, PA | ) | |
| FAYETTE COUNTY JAIL | ) | KRISTINA BRADIGAN |
|     Defendant. | ) | |

## **COMPLAINT**

And now comes Kristina Bradigan, and by and through her attorney Marc T. Valentine, and files this complaint and of ears the following in support thereof:

1. Kristina Bradigan, hereinafter referred to as plaintiff, resides at 118 Boyd St, Connellsville, Pa 15425.

2. Fayette County, here in after referred to as Fayette, doing business that 12 Court St., Uniontown, PA.

3. The plaintiff was employed as a counselor at the defendant's prison.

4. The plaintiff was employed in that position for three and half years.

5. The plaintiff was a contract employee and a member of the labor union.

6. During the plaintiff's employment, plaintiff discovered that the plaintiff had a condition known as Cyclic Vomiting Syndrome.

7. The plaintiff's received medical attention and received a Dr. note stating that the plaintiff

had a medical disability.

8. The plaintiff's disability qualifies as a disability under the ADA.

9. The plaintiff provided a copy of the doctor's note to the defendant on two separate occasions.

10. Plaintiff also filed for FMLA and was approved for FMLA for the same disability.

11. During the calendar year of 2023, the plaintiff missed five unpaid days of work.

12. While employed by the defender, the plaintiff was subjected to sexual advances by the warden.

13. The warden was employed by the defendant and was the overall supervisor of the plaintiff.

14. The warden had engaged in sexual relationships with other staff members and employees.

15. Prior to the plaintiff receiving sexual advances, the plaintiff had been a witness in prior complaints by other employees concerning the same type of sexual advances.

16. The plaintiff had no other employment reprimands or warnings.

17. The claimant was terminated on August 30, 2023 and the reason given was for the missed days due to health.

18. The plaintiff had asked for a reasonable accommodation due to disability and the defendant responded by terminating the plaintiff.

19. Plaintiff believes that the plaintiff was terminated because the plaintiff rejected the sexual

advances of the warden and had been a part of prior investigations concerning similar sexual advances.

20. After being terminated, the plaintiff made numerous attempts to find new employment but did not receive new employment for a period of time because of bad reviews concerning the termination by the defendant.

21. After the plaintiff was terminated, the defendant hired a niece of the prior warden.

## COUNT ONE
## VIOLATION OF THE ADA.

22. The plaintiff incorporates by reference paragraphs 1 through blank as though fully set forth in detail.

23. The defendant had for the plaintiff at a qualifying medical condition under ADA. 42 U.S.C. §§ 12101, et seq.

24. The qualifying medical condition was cyclic vomiting syndrome.

25. Cyclic vomiting syndrome is a condition that causes sudden episodes of severe nausea and vomiting. Episodes can last for hours or days and alternate with symptom-free periods that can last for several weeks to months. Mayo Clinic.

26. The plaintiff experienced:

    a. Vomiting
    b. Belly pain.
    c. Diarrhea.
    d. Dizziness.
    e. Sensitivity to light.
    f. Headache.

  g. Retching or gagging.

27. The plaintiff experienced episodes that lasted days at a time.
28. Some episodes caused the plaintiff to be hospitalized.
29. Cyclic vomiting syndrome is not easily diagnosed.
30. Once the plaintiff was diagnosed the plaintiff provided the diagnosis to the defendant.
31. The plaintiff was unable to work, take of herself, leave her house or be a parr of social events during the episodes.
32. The plaintiff provided a medical note from the plaintiffs Dr. to the defendant concerning the condition.

33. The defendant accepted the medical Dr. note allowed the plaintiff to continue to work with said illness.

34. The illness caused the defendant to miss periods of time due to being hospitalized with the condition.

35. On August 30th 2023, the plaintiff was terminated by the defendant for missing too many days of work due to illness as per the defendant.

36. The defendant called the plaintiff to terminate the plaintiff, while that the plaintiff was still in the hospital.

37. The defendant had a duty to give reasonable accommodation to the plaintiff.

38. Plaintiff was not provided with reasonable accommodation and had missed five days of unpaid leave.

39. The plaintiff believes that there were other employees who had reasonable accommodations given and were not terminated.

40. The plaintiff was unable to obtain different employment due to the statements made by the defendant after termination.

41. The plaintiff suffered damages of lost wages, benefits, emotional stress, pain and suffering.

42. The actions of the defendant were the cause of the plaintiff's damages.

WHEREFORE, the Plaintiff requests this Honorable Court Hold in favor of the Plaintiff and award compensatory, reliance and other damages as the Court determines to be just and reasonable.

## COUNT NUMBER TWO
## HOSTILE WORK ENVIRONMENT:
## SEXUAL HARASSMENT

43. Paragraphs 1 through 42 or incorporated by reference as though fully set forth in detail.

44. The plaintiff was employed by the defendant as a counselor working at the defendant's jail.

45. The plaintiff is female.

46. The warden is male.

47. The defendant warden had made sexual advances verbally and physically to the plaintiff. 42 U.S.C. §§ 2000e, et seq.

48. The plaintiff rejected the advances of the defendant warden.

49. The warden made sexual comments to the plaintiff about the plaintiff's breasts, buttocks and sexual acts.

50. The warden would attempt to grab the plaintiff's body and press the warden's body against the plaintiff's body.

51. The warden made comments that he wanted to have oral and vaginal sex with the plaintiff.

52. The warden told the plaintiff that if the plaintiff knew what was good for the plaintiff that the plaintiff would "put out".

53. The plaintiff felt threatened and was scared to work at the jail.

54. The plaintiff had reported the sexual advances to the defendant.

55. The plaintiff had also been involved previously as a witness to the warden making sexual advances on other staff and employees.

56. The warden had a history of sexual relationships with staff employees.

57. The plaintiff believes that the defendant retaliated against the plaintiff for ejecting the defendant's sexual advances.

58. The plaintiff also believes that the plaintiff was terminated due to the plaintiff's involvement in prior sexual harassment investigations.

59. The plaintiff was unable to obtain different employment due to the statements made by the defendant after termination.

60. The plaintiff suffered damages of lost wages, benefits, emotional stress, pain and suffering.

61. The actions of the defendant were the cause of the plaintiff's damages.

WHEREFORE, the Plaintiff requests this Honorable Court Hold in favor of the Plaintiff and award compensatory, reliance and other damages as the Court determines to be just and reasonable.

Respectfully submitted,

Marc T. Valentine, Esquire

## **VERIFICATION**

I verify that the statements made in this Complaint are true and correct. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
KRISTINA BRADIGAN

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| KRISTINA BRADIGAN<br>　　　　Plaintiff, | DOCKET NO. |
| | **COMPLAINT** |
| VS. | |
| | FILED ON BEHALF OF: |
| FAYETTE COUNTY, PA<br>FAYETTE COUNTY JAIL<br>　　　　Defendant. | KRISTINA BRADIGAN |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Complaint was served upon the following Party via First Class, Postage Pre-Paid, U.S. Mail and by the Sheriff on this date.

Sarah E. Cobbs
Partner | Thomas, Thomas & Hafer, LLP
US Steel Tower
600 Grant Street, Suite 2600
Pittsburgh, PA 15219
(Counsel for Fayette County)

DATED: 10-30-2025

Marc T. Valentine, Esquire