**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRISTINA BRADIGAN, | ) | |
| | ) | Civil Action No. 2:25-cv-1776 |
| Plaintiff, | ) | District Judge Nora Barry Fischer |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY, PA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

AND NOW this 14th day of April 2026, upon consideration of Plaintiff's Second Amended

Complaint (ECF No. 10), Defendant Fayette County's Motion to Dismiss (ECF No. 11), its Brief

in Support (ECF No. 13), and Plaintiff Kristina Bradigan's Brief in Opposition (ECF No. 18), and

in light of the prevailing standards governing Rule 12(b)(6) motions to dismiss, pursuant to which

the Court must accept all of the well-pled factual allegations as true, and resolve all inferences in

favor of Plaintiff, *see, e.g. United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir.

2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 557 (2007));

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 11) is DENIED.

In so holding, the Court notes that Plaintiff has alleged enough factual matter to support the

required elements of her claims for violation of the Americans with Disabilities Act, and Hostile

Work Environment/Sexual Harassment, and that such averments raise a reasonable expectation

that discovery will reveal specific details related to those claims.  *See Twombly*, 550 U.S. at 556.

*See also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quoting *Fowler v.

UPMC Shadyside*, 578 F3d 203, 213 (3d Cir. 2009) (To survive a motion to dismiss, plaintiff need

not allege a *prima facie* case, but only enough facts to "'raise a reasonable expectation that

discovery will reveal evidence of [each] necessary element.'")).  Among other things, Defendant argues that Plaintiff's claims are time barred because she does not set out the precise dates as to when she requested accommodations and as to when the Warden of Fayette County Prison sexually harassed her.  (ECF No. 13 at 5-9).  Plaintiff's Second Amended Complaint, however, sets out a sequence of events which, taken as true, suggest that both of Plaintiff's claims are timely.  (ECF No. 10 at 5-8).

All told, it appears to the Court that Defendant's present challenges are fact intensive and that this matter would benefit from the development of a more fulsome record through the discovery process.  *See, e.g.*, *Frankovich v. Pittsburgh Pub. Schs.*, Civ. A. No. 19-1643, 2020 WL 12674627, at *1 (W.D. Pa. May 6, 2020).  Therefore, Defendant's Motion is denied.

IT IS FURTHER ORDERED that moving Defendant shall file its answer by **April 28, 2026.**

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record